UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS FRANKLIN MULLINS,

    Plaintiff,

v.

GRETCHEN WHITMER, Governor of the
State of Michigan and JOSEPH GASPER,
Director of the Michigan State Police,

    Defendants.
_____/

Hon. Hala Y. Jarbou

Case No. 1:20-cv-602

**REPORT AND RECOMMENDATION**

Plaintiff, Thomas Mullins, a convicted sex offender subject to Michigan's Sex Offender Registration Act, *see* Mich. Comp. Laws § 28.721 *et seq.* (SORA), filed a pro se civil rights complaint against Defendants Governor Gretchen Whitmer and Col. Joseph Gasper, Director of the Michigan State Police, in their official and individual capacities, seeking monetary, declaratory and injunctive relief. Mullins claims that Defendants applied amendments to SORA to him retroactively in violation of the Ex Post Facto clause of the United States Constitution.

This matter is now before the Court on Defendants' motion to dismiss or to transfer the case to the Eastern District of Michigan, where Mullins is a member of a pending class action, *John Does #1–6 v. Snyder, et al.*, No. 2:16-cv13137 (E.D. Mich.), which seeks the same injunctive relief Mullins seeks in this case. (ECF No. 15.) Mullins has not responded to Defendants' motion. Also before the Court is Mullins's motion for summary judgment. (ECF No. 17.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendants' motion be **GRANTED** and the case **dismissed**. I further recommend that Mullins' motion for summary judgment be **DENIED**.

I. Background

In 1993, Mullins was convicted of two counts of Criminal Sexual Conduct, Mich. Comp. Laws § 750.520, in the Allegan County Circuit Court and sentenced to a term of imprisonment. SORA had not been enacted when Mullins was convicted and sentenced. SORA was enacted in 1994 and became effective on October 1, 1995. Mullins subsequently completed his parole and was placed on the Michigan Sex Offender Registration. Under SORA as originally enacted, Mullins was required to register as a sex offender only one time and to pay a one-time $50.00 registration fee. (ECF No. 1 at PageID.3–4.)

In 2006, SORA was amended to include geographic exclusion zones, which prohibit sex offenders from working, living, and "loitering" within 1,000 feet of a school. In 2011, SORA was amended again and applied retroactively to Mullins. The 2011 amendment created a tiered classification system, pursuant to which Mullins's registration requirement was increased from a period of 10 years to lifetime. The 2011 amendment also required Mullins to register quarterly and pay a $50.00 fee each time he registered. (*Id.*)

In August 2016, the Sixth Circuit held in *Does #1–5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016) ("*Does I*"), that the 2006 and 2011 amendments to SORA constituted punishment and, therefore, retroactive application violated the Ex Post Facto clause. In 2016, shortly after the Sixth Circuit decided *Does I*, a group of Plaintiffs filed a class action complaint in the Eastern District of Michigan seeking to have SORA declared unconstitutional and unenforceable. *John Does #1–6 v. Snyder, et al.*, No. 2:16-cv13137 (E.D. Mich.) ("*Does II*"). On September 11, 2018, the *Does II* court entered a stipulated order certifying the class under Federal Rule of Civil Procedure 23(b)(2). (*Does II* Sept. 11, 2018 Order, ECF No. 15-3.) Mullins is a member of two classes under the September 11, 2018 Order: (1) the "primary class," which includes "all people who are or will be

2

subject to registration under Michigan's Sex Offenders Registration Act"; and (2) the "pre-2006 ex post facto subclass," which includes "members of the primary class who committed their offense or offenses requiring registration before January 1, 2006, and who have committed no registrable offense since." (*Id.* at PageID.133.)

## II. Motion Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating its assertions in a light most favorable to Plaintiff to determine whether it states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678-79.

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any attached exhibits, public records, items appearing in the record of the case, and

exhibits attached to the defendant's motion to dismiss provided they are referenced in the complaint and central to the claims therein. *See Bassett v. Nat'l Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. Discussion

#### A.   Eleventh Amendment Immunity

Mullins seeks to recover from Defendants the registration fees, other than the initial fee, that he has been required to pay for quarterly registration under the SORA amendments. Defendants argue that the Eleventh Amendment bars Mullins's claim against them in their official capacities for money damages. Although Mullins did not respond to Defendants' motion to dismiss, he states in his reply in support of his motion for summary judgment that he has not requested monetary relief against Defendants in their official capacities. (EF No. 22 at PageID.190.)

As Mullins admits that he is not seeking damages against Defendants in their official capacities, any official-capacity claim against them for damages may be deemed abandoned. Even if not abandoned, any such claim is subject to dismissal. An official capacity suit is no different than a suit against the state itself. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity.") Because the Eleventh Amendment prohibits suits for damages against states in federal court, *see Quern. v. Jordan*, 440 U.S. 332, 342 (1979), damage claims against state officials in their official capacities are also barred by the Eleventh Amendment. S*ee Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (noting that Eleventh Amendment immunity "applies to actions against state officials sued in their official capacity for money damages") (citing *Lapides v Bd. of Regents*, 535 U.S. 613, 616, 623 (2002)).

4

### B. Individual Capacity Damage Claims

Defendants further argue that Mullins's claim for damages against them in their individual capacities must be dismissed because Plaintiff fails to allege that they were personally involved in the alleged constitutional violations, and there is no factual basis for supervisory liability. That is, Plaintiff only alleges that Defendants are high-level state officials responsible for the overall operation of the State of Michigan and the Michigan State Police, including implementation of the SORA amendments.

It is well established in the Sixth Circuit that, to state a cognizable claim under Section 1983, a plaintiff must allege personal involvement by each of the named defendants. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of respondeat superior. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. S*ee, e.g., Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982).

Because Mullins does not allege that Defendants were personally involved in collecting and enforcing the SORA registration fee against Mullins, his claims against them for damages must be dismissed.

### C. Declaratory and Injunctive Relief

Defendants argue that, because Mullins is a member of the class in *Does II*, the Court should dismiss the case or, alternatively, transfer it to the Eastern District of Michigan where *Does II* is pending. The district court in *Does II* certified the class pursuant to Federal Rule of Civil

5

Procedure 23(b)(2), which "allows class treatment when 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (quoting Fed. R. Civ. P. 23(b)(2)). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Id.* at 361 (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)). A Rule 23(b)(2) class is considered "mandatory" because "potential class members do not have an automatic right to notice or a right to opt out of the class." *Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 645 (6th Cir. 2006).

In certifying the *Doe II* class and subclasses, the district judge found that "prosecuting separate actions by or against individual class members would create a risk of 'inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.'" (ECF No. 15-3 at PageID.134 (quoting Fed. R. Civ. P. 23(b)(1)(A)).) The court also found the requirements of Rule 23(b)(2) satisfied because the parties opposing class certification—the same parties in this case, the Governor of Michigan and the Director of the Michigan State Police—"acted or refused to act on grounds that apply generally to the class, so that final injunctive relief would be appropriate respecting the class as a whole if plaintiffs prevail in demonstrating that those actions or inactions violate plaintiffs' rights." (*Id.*) Because Mullins seeks the same relief in this case that is at issue in *Does II*, allowing Mullins to maintain this case individually would be contrary to the purposes of Federal Rule of Civil Procedure 23(b)(2). Moreover, Mullins, as a member of the *Does II* class, has already

6

received the relief sought in this case. On February 20, 2020, that court issued an opinion and order granting the relief Plaintiff seeks in this case. In particular, the court stated:

> IT IS ORDERED that Plaintiffs' motion for declaratory and injunctive relief (ECF No. 62) is GRANTED. Michigan's SORA is DECLARED NULL AND VOID as applied to members of the ex post facto subclasses (any registrant whose offense requiring them to register, and who has not committed a subsequent offense, occurred prior to April 12, 2011). Defendants and their agents will be ENJOINED from enforcing ANY provision of SORA against the ex post facto subclasses.

*Doe v. Snyder*, 449 F. Supp. 3d 719, 737–38 (E.D. Mich. 2020).

Dismissal of this action would be consistent with the result in *Spencer v. Gasper*, No. 1:19-cv-201, 2020 WL 5757383 (W.D. Mich. Sept. 28, 2020). The plaintiff in *Spencer* was in the same position as Mullins—a convicted sex offender who was also part of the ex post facto subclass in *Does II*. Chief Judge Jonker concluded that dismissal was appropriate because Rule 23(b)(2) "exists in order to ensure against inconsistent judgments." *Id.* at *2. Judge Jonker further noted that the district judge presiding over *Does II* had dismissed two individual actions, even though the plaintiffs had argued that they sought a different, or broader, form of relief than the class. *Id.* (citing *Doe v. Michigan*, No. 19-10364 (E.D. Mich. Sept. 16, 2019), and *Cain v. Michigan*, No. 19-10243 (E.D. Mich. June 5, 2019)).

In his summary judgment reply, Mullins argues that he is not a member of the class in *Does II*, has never received notice of the class action, and he may opt out of the class. As explained above, however, Mullins *is* a member of the *Does II* class and, because the class is certified as a Rule 23(b)(2) class, Mullins was not entitled to notice, nor may he opt out of the class. Mullins also cites *Coates v. Snyder*, No. 1:17-cv-1064 (W.D. Mich.), in which Magistrate Judge Kent entered a stipulated final judgment granting the individual plaintiff injunctive relief similar to that sought by Mullins in this case. The key distinction between this case and *Coates* is that the *Does II* class had not been certified at the time the *Coates* stipulated final judgment was entered. In other

7

words, unlike Mullins, the plaintiff in *Coates* was not a member of the *Does II* class when the stipulated final judgment was entered.

### IV. Conclusion

For the foregoing reasons, I recommend that Defendants' motion to dismiss (ECF No. 15) be **granted** and that this case be **dismissed**. I further recommend that Plaintiff's motion for summary judgment (ECF No. 17) be **denied**.

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: November 24, 2020                        /s/ Sally J. Berens
                                                                                     SALLY J. BERENS
                                                                                     U.S. Magistrate Judge